STATE of Missouri, Respondent,

v.

Terrance WAINWRIGHT, Appellant.

No. WD 58676.

Missouri Court of Appeals, Western District.

Jan. 8, 2002.

John M. Schilmoeller, Asst. Public Defender, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Assistant Attorney General Jefferson City, MO, for respondent.

Before ULRICH, P.J., BRECKENRIDGE and ELLIS, JJ.

### *ORDER*

PER CURIAM.

Terrance Wainwright was convicted by a jury of murder in the first degree, § 565.020.1, RSMo 2000, assault in the first degree, § 565.050, RSMo 2000, and two counts of armed criminal action, § 571.015, RSMo 2000. The trial court sentenced Mr. Wainwright, as a prior offender, to life imprisonment without the possibility of parole for his conviction of first-degree murder, 30 years imprisonment for his conviction of first-degree assault and 30 years imprisonment for each of his convictions of armed criminal action. The trial court ordered that the sentences run consecutively. On appeal, Mr. Wainwright alleges that the trial court (1) abused its discretion in reading the "hammer" instruction to the jury; (2) prejudiced the jury by responding to the jury question concerning "deliberation" and "cool reflection" by directing the jury to the "evidence in regard thereto"; (3)

abused its discretion by denying him an opportunity to question other jurors concerning the misconduct of a removed juror and in denying his motion for mistrial; and (4) abused its discretion by denying his motion to suppress statements made to police because he suffers from brain damage and other mental impairments which rendered him unable to make a voluntary, knowing and intelligent waiver of his *Miranda* rights. This court finds that the trial court did not err in reading the hammer instruction, responding to the jury question, denying an opportunity to question other jurors and denying Mr. Wainwright's motion to suppress his confession. Since a published opinion would have no precedential value, a memorandum has been provided to the parties.

The judgment is affirmed. Rule 30.25(b).